**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    *Plaintiff-Appellee,*<br><br>v.<br><br>JESUS NORBERTO EVANS-MARTINEZ,<br>    *Defendant-Appellant.* | No. 05-10280<br>D.C. No.<br>CR-03-00187-DAE<br>OPINION |

Appeal from the United States District Court
for the District of Hawaii
David A. Ezra, District Judge, Presiding

Argued and Submitted
April 7, 2006—San Francisco, California

Filed July 2, 2008

Before: Robert R. Beezer and Raymond C. Fisher,
Circuit Judges, and Robert J. Timlin,* Senior District Judge.

Opinion by Judge Beezer

---

*The Honorable Robert J. Timlin, Senior District Judge for the United States District Court for the Central District of California, sitting by designation.

8041

**COUNSEL**

Peter C. Wolff, Jr., Federal Public Defender and Alexander Silvert, First Assistant Federal Public Defender, Honolulu, Hawaii, for the defendant-appellant.

Edward J. Kubo, Jr., United States Attorney and Lawrence L. Tong, Assistant United States Attorney, Honolulu, Hawaii, for the plaintiff-appellee.

## OPINION

BEEZER, Circuit Judge:

Defendant Jesus Evans-Martinez was sentenced to 15 years imprisonment after pleading guilty to sexual abuse of a minor, sexual exploitation of minors and witness tampering. Evans-Martinez timely appeals his sentence on the ground that the district court failed to provide adequate notice of its intent to sentence him above the term suggested by the Sentencing Guidelines. Fed. R. Crim. P. 32(h) requires that a district court provide notice of the potential it will depart from the Sentencing Guidelines range. We have not yet had occasion to decide whether this requirement survives *United States v. Booker*, 543 U.S. 220 (2005).

We hold that it does. We vacate the sentence and remand for resentencing.

I

In November 2002, the FBI began investigating Evans-Martinez for suspected participation in activities related to child pornography on the internet. At the time, he was an active duty member of the United States Army living in Hawaii with his wife and three children, two daughters and a son. As a result of the investigation, the FBI identified Evans-Martinez as the owner of an e-mail account responsible for sending hundreds of e-mails, some of which related to child pornography and some of which depicted children in states of undress or engaged in sexual conduct. Some of these e-mails also advertised the creation of a Yahoo! group that would contain "r@ygold," a term commonly understood to refer to child pornography. The e-mails stated that child pornography would be posted to the group, and members could display, view and download images and files. The e-mail also contained a movie attachment that depicted a minor engaged in sexual conduct.

UNITED STATES v. EVANS-MARTINEZ        8045

The FBI obtained a search warrant for Evans-Martinez's house and seized various pieces of computer equipment. Agents also found cameras concealed in his daughters' bedroom and in the bathroom. Evans-Martinez subsequently met with agents and, following a waiver of his constitutional rights, gave a statement admitting to his participation in child pornography-related activities. He also admitted to taking photographs of his older daughter's breasts and genitals while she was sleeping, as well as taking photographs of himself touching his daughter's genitals while she was sleeping. Evans-Martinez was arrested and, following his arrest, he asked his wife to destroy various items still at their house, including additional computer equipment and a physical item used in the sexual abuse of his daughter. His wife complied.

Evans-Martinez was indicted on charges of (1) sexual abuse of a minor in violation of § 18 U.S.C. § 2243(a) for the abuse of his oldest daughter; (2) sexual exploitation of minors in violation of 18 U.S.C. § 2251(c) for sending the e-mails advertising the creation of the Yahoo! group; and (3) witness tampering in violation of 18 U.S.C. § 1512(b) for asking his wife to destroy the potential evidence relevant to the child pornography investigation.

Evans-Martinez entered into a plea agreement in which he pleaded guilty to the three charges in return for the Government's agreement not to seek additional charges against him. The plea agreement described the maximum penalties available for his crimes, but memorialized stipulations the parties reached as to sentence calculation under the Sentencing Guidelines. Specifically, the plea agreement stated that the Government expected to move for a downward departure on the basis of Evans-Martinez's cooperation. It also stated that Evans-Martinez understood the district court would be bound by the Sentencing Guidelines, but that the district court could determine facts relevant to sentencing and would not be bound by any stipulations entered into by the parties. Evans-Martinez limited his right to appeal his sentence, but explic-

itly reserved his right to appeal any upward departure from the Guideline sentence.

The district court formally accepted the guilty pleas and a presentence report was prepared, which calculated a total offense level of 19, a criminal history category of I and, on the basis of a statutory minimum of 10 years for the second count, a Guideline sentence of 10 years.

After the parties entered into the plea agreement and the initial presentence report was prepared, the Supreme Court decided *United States v. Booker*, 543 U.S. 220 (2005), which rendered the Sentencing Guidelines advisory in order to comply with the Sixth Amendment. The presentence report was amended to acknowledge that, post-*Booker*, the district court was required to consider, but no longer bound by, the Guidelines. Evans-Martinez did not object to the amended presentence report.

At sentencing, the Government moved for a downward departure on the basis of Evans-Martinez's cooperation. The Government noted that Evans-Martinez supplied law enforcement agents with his e-mail password and, as a result, seven other sexual predators in seven cities were identified, tried and convicted. The district court accepted the plea agreement, adopted the conclusions of the presentence report as amended and "granted" the Government's motion for a downward departure. The court determined, however, that the motion only "released" it from its obligation to impose a sentence at or above the mandatory minimum sentence of 10 years and that it was still able to sentence Evans-Martinez up to the statutory maximum of 20 years. The district court commented on the disturbing nature of the case and summarized the facts as they were related in the presentence report. Taking into account Evans-Martinez's cooperation, the court then sentenced him to a term of 15 years and a period of supervised release.

United States v. Evans-Martinez     8047

II

Pre-*Booker*, we reviewed the adequacy of a district court's notice of its intent to upwardly depart de novo. *United States v. Hernandez*, 251 F.3d 1247, 1250 (9th Cir. 2001). Because Evans-Martinez failed to object at sentencing to the adequacy of notice his claim is reviewed for plain error. *Id.*[1]

"Plain error is '(1) error, (2) that is plain, and (3) that affects substantial rights.'" *United States v. Ameline*, 409 F.3d 1073, 1078 (9th Cir. 2005) (en banc) (quoting *United States v. Cotton*, 535 U.S. 625, 631 (2002)). If the failure to provide notice is plain error, we will grant relief if it "seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id.* (quoting *Cotton*, 535 U.S. at 631).

**[1]** In *Burns v. United States*, 501 U.S. 129, 138 (1991), the Supreme Court holds that "before the district court can depart upward on a ground not identified as a ground for upward departure either in the presentence report or in a prehearing submission by the Government, Rule 32 requires that the district court give the parties reasonable notice that it is contemplating such a ruling." The Supreme Court further holds that "[t]his notice must specifically identify the ground on which the district court is contemplating an upward departure." *Id.*

---

[1]We reject Evans-Martinez's argument that because he expressly retained his right to appeal an upward departure in the plea agreement he did not forfeit the error and plain error review does not apply. Evans-Martinez confuses forfeiture and waiver. "Whereas forfeiture is the failure to make the timely assertion of a right, waiver is the 'intentional relinquishment or abandonment of a known right.'" *United States v. Olano*, 507 U.S. 725, 733 (1993) (quoting *Johnson v. Zerbst*, 304 U.S. 458, 464 (1938)). By reserving his right to appeal upward departures in the plea agreement, Evans-Martinez insulated himself from a claim of waiver. To avoid forfeiture, however, Evans-Martinez would have had to assert the right in a timely manner, which is, at the sentencing hearing. His failure to do so was a forfeiture and review is for plain error. *See Hernandez*, 251 F.3d at 1250; *see also United States v. Garcia*, 323 F.3d 1161, 1165 (9th Cir. 2003).

8048                UNITED STATES v. EVANS-MARTINEZ

at 138-39. The Court's decision in *Burns* was incorporated into the Federal Rules of Criminal Procedure in the form of Rule 32(h) by amendment in 2002. FED. R. CRIM. P. 32(h) advisory committee's note. Rule 32(h) requires that "[b]efore the court may depart from the applicable sentencing range on a ground not identified for departure either in the presentence report or in a party's prehearing submission, the court must give the parties reasonable notice that it is contemplating such a departure." Rule 32(h) further requires that the notice "specify any ground on which the court is contemplating a departure."

**[2]** Although we have not previously held that the notice requirement of Rule 32(h) survives *Booker*, the Government conceded at oral argument that the district court's failure to provide notice constitutes plain error. We hold Rule 32(h) requires that a district court provide notice of its intent to depart from the applicable sentencing range suggested by the Guidelines post-*Booker*, as it did pre-*Booker*.[2] *Accord United States v. Dozier*, 444 F.3d 1215 (10th Cir. 2006).

**[3]** The district court's plain error in failing to provide notice of its intent to depart from the Guideline range "seriously affect[ed] the fairness, integrity, or public reputation" of the sentencing proceeding. *See Ameline*, 409 F.3d at 1078. In *Burns*, the Supreme Court justifies the notice requirement by explaining that Rule 32 "contemplates full adversary testing of the issues relevant to a Guideline sentence[.]" 501 U.S. at 135. Because Rule 32 affords the defendant the right to com-

---

[2]In *United States v. Garcia*, 323 F.3d at 1164, we hold that, when sentencing a defendant following the revocation of probation, a court need not provide notice before imposing a sentence above the range suggested by the non-binding policy statements of Chapter 7. *Garcia* dealt explicitly with a sentencing decision pursuant to Chapter 7 while the claim here involves a sentencing decision pursuant to § 3553(a). Additionally, the district court in *Garcia* determined that the defendant had, in fact, received adequate notice. *Id.* at 1165. As such, *Garcia* has limited applicability to the present question.

ment on an upward departure, the Court reasons that it is only appropriate that a defendant be notified the district court is considering such a departure. *Id.* at 135-36. Otherwise, defense counsel, "reluctant to suggest such a possibility[,]" might not comment on potential grounds for an upward departure and "a critical sentencing determination [would] go untested by the adversarial process[.]" *Id.* at 137.

**[4]** This rationale is unaffected by *Booker*'s mandate that the Guidelines be applied in an advisory fashion. Post-*Booker*, the district court must correctly calculate the applicable range, which serves as a "starting point and the initial benchmark" in sentencing. *United States v. Carty*, 520 F.3d 984, 991 (9th Cir. 2008) (en banc) (quoting *Kimbrough v. United States*, 128 S. Ct. 558, 574 (2007)). The district court then has the discretion to sentence both above and below the range suggested by the Guidelines. *United States v. Cantrell*, 433 F.3d 1269, 1280 (9th Cir. 2006). Parties must receive notice the court is contemplating a departure to ensure that issues with the potential to impact sentencing are fully aired. Evans-Martinez did not receive explicit notice that the district court was contemplating departing upward from the 10 year term suggested by the Guidelines; in fact he expected the exact opposite in light of the Government's statement in the plea agreement that it intended to move for a downward departure. We cannot be confident that the issues which impacted sentencing were thoroughly tested as intended under Rule 32(h). Accordingly, we remand for resentencing.[3]

**[5]** At resentencing, the district court should apply the Guidelines in a discretionary manner as directed by the Supreme Court in *Booker*. *See* 543 U.S. at 261. We reject Evans-Martinez's argument that the district court should treat the Sentencing Guidelines as mandatory on the basis of the

---

[3]Because we vacate and remand for resentencing, we need not consider Evans-Martinez's alternative argument that his sentence was unreasonable under *Booker*.

8050        UNITED STATES v. EVANS-MARTINEZ

plea agreement. Although the parties entered into the plea agreement pre-*Booker* and the agreement memorialized the then-existing state of the law that the Guidelines would apply, the district court sentenced Evans-Martinez post-*Booker*. The presentence report was amended to reflect the change in law *Booker* effected and the district court treated the Guidelines as advisory during sentencing. Evans-Martinez failed to object to *Booker*'s applicability either before or at the time of sentencing and we decline to grant the provision of the plea agreement a significance now that it did not enjoy then. The district court should sentence Evans-Martinez in a manner consistent with this opinion and *Booker*. See *United States v. Mix*, 442 F.3d 1191, 1195 (9th Cir. 2006).

III

This conclusion is consistent with the Supreme Court's recent decision in *Irizarry v. United States*, No. 06-7517 (2008). *Irizarry* holds that Rule 32(h) does not require a sentencing judge to provide notice before imposing a sentence at "variance" with the Federal Sentencing Guidelines. Slip op. at 8. In reaching that conclusion, the Supreme Court emphasizes the distinction between a variance and a departure. Because Rule 32(h) requires notice when the district court is contemplating a "departure," "the rule does not apply to § 3553 variances by its terms." *Id.* at 6. Rather, " '[d]eparture' is a term of art under the Guidelines and refers only to non-Guidelines sentences imposed under the framework set out in the Guidelines." *Id. Irizarry* does not control the result in this case because the district court here did not sentence at variance from the recommended Guidelines range based on Section 3553(a) factors, but departed as the term was used when Rule 32(h) was promulgated. By its own terms, the *Irizarry* holding does not extend to sentencing departures under the Guidelines.

In light of *Irizarry*, it is arguable that the due process concerns that led to the promulgation of Rule 32(h) are now

UNITED STATES v. EVANS-MARTINEZ     8051

equally inapplicable to sentencing departures. We decline to reach that conclusion. We understand the Supreme Court's distinction between a variance and a departure to be a meaningful one. Further, the *Irizarry* Court implies that Rule 32(h) continues to apply with respect to departures. *See id.* at 8 ("The fact that Rule 32(h) remains in effect today does not justify extending its protections to variances . . . ."). The Supreme Court gives no indication that it disapproves of the continued application of Rule 32(h) to departures in the post-*Booker* era.

## IV

The district court failed to provide notice of its intent to depart from the sentencing range suggested by the Sentencing Guidelines as required by Rule 32(h).

We VACATE the sentence and REMAND for resentencing consistent with this opinion.